**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PARSHUTNAM SINGH SANDHU, | No. 10-71036 |
| Petitioner, | Agency No. A077-818-586 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 11, 2011
Seattle, Washington

Before: CLIFTON and N.R. SMITH, Circuit Judges, and KORMAN, Senior
District Judge.[**]

   Parshutnam Singh Sandhu petitions for review of the Board of Immigration

Appeals' decision affirming an immigration judge's denial of his applications for

asylum, withholding of removal, and protection under the Convention Against

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]    The Honorable Edward R. Korman, Senior District Judge for the U.S.
District Court for Eastern New York, Brooklyn, sitting by designation.

Torture. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *I.N.S. v. Elias-Zacarias*, 502 U.S. 478 (1992), and we deny the petition for review.

Substantial evidence supports the BIA's determination that Sandhu has not demonstrated past persecution on account of a protected ground, for two reasons. First, Sandhu fails to show that the record compels the conclusion that his arrest was not in relation to a criminal investigation. *See Dinu v. Ashcroft,* 372 F.3d 1041, 1044 (9th Cir. 2004). Second, Sandhu fails to demonstrate that the record compels the conclusion that the Punjab police persecuted him based on imputed political opinion. The record does not even show that the Punjab police were aware of the political opinions of the terrorists whose opinions Sandhu seeks to have imputed to him.

Sandhu has also failed to demonstrate an objectively well-founded fear of future persecution with direct and specific evidence. 8 C.F.R. § 1208.13(b); *Prasad v. I.N.S.,* 47 F.3d 336, 338 (9th Cir. 1995). In the context of the change in India's political climate for Sikhs since 1994, Sandhu's testimony and supporting affidavits are not sufficiently direct or specific to compel a finding that Sandhu maintains an objectively well-founded fear of future persecution based on either held or imputed political opinion.

Substantial evidence supports the BIA's denial of withholding of removal under the U.N. Convention Against Torture. The record does not compel a conclusion that it is more likely than not that Sandhu would be tortured upon return to India. *See Sinha v. Holder*, 564 F.3d 1015, 1026 (9th Cir. 2009).

**PETITION DENIED.**